TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division
JORDAN L. PATTERSON (Cal. Bar No. Pending)
Assistant United States Attorney
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8500
    Facsimile: (213) 894-0141
    E-mail:   jordan.patterson2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:26-00228-JVS |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT SHERMAN REID |
| v. | |
| SHERMAN REID, | |
| Defendant. | |

1. This constitutes the plea agreement between defendant SHERMAN REID ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Simple Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1), a Class A

Misdemeanor, which is the lesser-included charge of Count 2 of the two-count indictment in United States v. Sherman Reid, CR No. 2:26-00228-JVS, which charges defendant with Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1), a felony.

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.    Submit a handwritten note of apology to victims J.L. and D.G. no less than one week before sentencing positions are due to be filed, which is to be provided to the government.

i.    Recommend that the Court impose a sentence of time served and a one-year period of supervised release, which shall include, but is not limited to, the condition agreed to in the subsequent paragraph.  Defendant shall not seek, argue, or suggest in any way, either orally or in writing, that any lesser sentence should be imposed.

j.   Agree to and not oppose the imposition of the following conditions of probation or supervised release:

i.   Perform 8 hours of community service as directed by the United States Probation and Pretrial Services Office.

ii.   Defendant shall not knowingly enter or come within 100 feet of a federal building or within 100 feet of a federal law enforcement officer engaged in the performance of his or her official duties for an unlawful purpose or with the intent to protest, harass, or cause a disturbance, without prior permission of Pretrial Services. Notwithstanding the prior sentence, defendant is permitted to enter a federal building for legitimate business or governmental purposes. However, defendant must adhere to the building's rules and regulations at all times and follow the commands of any federal employee or officer, and defendant must leave the building immediately, and without a disturbance, if directed by a federal employee or officer. Any violations of this condition, whether intentional or inadvertent, shall be reported within 24 hours of occurrence.

THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose a sentence in accordance with paragraph 13 of this agreement.

c.   At the time of sentencing, move to dismiss the remaining count of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable

3

Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.   Recommend that the Court impose a sentence of time served and a one-year period of supervised release, which would include, but is not limited to the terms defendant agreed to in paragraph 2 above, and not seek, argue, or suggest in any way, either orally or in writing, that any higher sentence should be imposed.

NATURE OF THE OFFENSE

4.   Defendant understands that for defendant to be guilty of the lesser-included charge of Count 2 of the indictment, that is, Simple Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1), a Class A Misdemeanor, the following must be true: (1) defendant forcibly assaulted a federal officer or employee of the United States; and (2) defendant did so while the federal officer or employee was engaged in, or on account of, his or her official duties.

PENALTIES

5.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 111(a)(1), a Class A Misdemeanor is: one year imprisonment; a one-year period of supervised release; a fine of $100,000 or twice the gross gain or gross loss resulting from the

4

offense, whichever is greatest; and a mandatory special assessment of $25.

6.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8.    Defendant understands that, if defendant is not a United States citizen, the conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the conviction in this

case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

9.    Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 11 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about March 28, 2026, within the Central District of California, defendant intentionally and forcibly assaulted victim D.G., an officer employed by U.S. Customs and Border Protection ("CBP"), while D.G. was engaged in, and on account of, the performance of D.G.'s official duties and, in doing so, caused physical contact to be made with D.G.  Specifically, during a protest outside of Roybal on Alameda Street in Los Angeles, officers deployed tear gas cannisters in an attempt to disperse the crowd.  Defendant picked up one of the tear gas canisters and threw it at a group of CBP officers, hitting D.G. in the chest.

Approximately two months earlier, during a protest outside of Edward R. Roybal Federal Building ("Roybal"), located at 255 E Temple St, Los Angeles, CA 90012, defendant used his body weight to slam a Roybal door shut while J.L. and other federal employees were attempting to hold back protestors from the area.  When the door shut, it made physical contact with J.L.

6

SENTENCING FACTORS

10.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only.

11.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 10 | U.S.S.G. § 2A2.4(a) |
| Involved Physical Contact: | +3 | U.S.S.G. § 2A2.4(b)(1) |
| Total Offense Level: | 13 | |

12.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

13.   Defendant and USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7) and the relevant sentencing guideline factors set forth above, an appropriate disposition of this case is that the Court impose a sentence of time served, a one-year period of supervised release with conditions to be fixed by the Court which shall include the conditions set forth in paragraph 2 above, a fine to be decided by the Court, and a $25 special assessment.

WAIVER OF CONSTITUTIONAL RIGHTS

14.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

7

c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u> <u>AND COLLATERAL ATTACK</u>

15.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that

8

the statement of facts provided herein is insufficient to support defendant's plea of guilty.

16. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED WAIVER OF APPEAL OF SENTENCE

17. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than six months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the

alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any and all other conditions set forth in paragraph 2 above.

### WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

18.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

Defendant further agrees that this paragraph of the agreement is severable.  Thus, defendant's waivers are binding and effective even if, subsequent to defendant's signing this agreement, defendant declines to plead guilty, the Court declines to accept his guilty plea, or, if this agreement is of the type described in Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects this agreement.  Defendant also agrees that his waivers are binding and effective even if some other portion of this agreement is found to be invalid by this Court or the Ninth Circuit.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

19.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its

10

obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

20.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

21.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

22.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.

If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

23.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

24.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

25.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the

12

Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

26.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

27.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

13

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

TODD BLANCHE
Acting Attorney General


BILAL A. ESSAYLI
First Assistant United States Attorney

_____                    S/13/26
JORDAN L. PATTERSON                                  Date
Assistant United States Attorney

_____                    S/13/26
SHERMAN REID                                         Date
Defendant

_____                    05/13/2026
JIMMY THREATT                                        Date
Attorney for Defendant SHERMAN REID


CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

14

of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____        5/13/26
SHERMAN REID                            Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am SHERMAN REID's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set

15

forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

JIMMY THREATT
Attorney for Defendant SHERMAN REID

05/13/2026
Date

16